IN THE SUPERIOR COURT OF GUAM

MANHATTAN GUAM, INC., )   CIVIL CASE NO. CV1165-12
                       )
            Plaintiffs, )   **DECISION AND ORDER**
    vs.                )
                       )
MFJD, LLC,             )
            Defendant.  )
                       )
                       )

This case came before the Court on October 29th on the Plaintiff's Verified Complaint for Unlawful Detainer. The parties appeared by counsel and by their agents. The Defendant filed a Verified Answer to Unlawful Detainer on the same day. The Defendant contended that the Complaint should be dismissed for lack of jurisdiction because the Complaint is not verified, and because it overstates the amount of rent due. Concerning the amount due, the Plaintiff stated that the claim is for rent and common area fee for each of the twelve months of nonpayment.

To assist the Court on the issue of overstating amount owed, the Plaintiff filed its Opposition to Motion to Dismiss for Lack of Jurisdiction on October 31st; the Defendant filed a Reply on November 5th.

This action for unlawful detainer is governed by 21 G.C.A. ¶ 21103(b). The plaintiff served a 10 day notice to pay rent or quit on the Defendant on September 27, 2012, asserting $90,000 rent then due and unpaid. An attached breakdown of the $90,000 reflects that the monthly rent being claimed combines the lease rent of $7,500 and a common area fee of 1,500. This is the basis of Defendant's contention that the complaint overstates the amount of rent due. The Plaintiff responds by citing California cases approving of including the fee with the rent. Bevill v. Zoua, 27 Cal. App. 4th 694, (Cal. Ct. App. 1994) and *Canal-Randolph Anaheim, Inc. v. Wilkoski* (1978) 78 Cal. App. 3d 477, 492 [144 Cal.Rptr. 474).

After these words in ¶ 21103, "A tenant of real property, for a term less than life, is guilty of unlawful detainer:" subsection (b) follows, "When he continues in possession, . . . after default in the *payment of rent*, pursuant to the lease or agreement under which the property is held, and five (5) days' notice in writing, requiring *its payment*, stating the *amount which is due*, or possession of the property, shall have been served upon him, ..." (emphasis added) (It is undisputed that the Defendant remains in possession.) This section refers to "payment of rent"; "its payment," which follows, read in context, refers to rent; and "the amount which is due", read in context, refers again to the "payment of rent".

There is no ambiguity in the amount of rent: as stated above, Plaintiff's breakdown says it is $7,500 monthly, and the Lease Agreement, attached to the complaint, says $7,500. In both documents rent is separate from the common area fee. Referring to California cases to assist in deciding whether "rent" includes the common area fee is unwarranted. The parties have clearly stated that the rent does not include the common area fee. *See Wassan v. Berg* 2007 Guam 16 ¶ 17.

+

The complaint alleges the same $90,000 as the notice to quit had. Section 21108 requires, "In the case the unlawful detainer charged is after default in the payment of rent, the complaint must state the amount of such rent." As described above, the $90,000 is not, according to the lease, the rent for the premises; it is the rent plus common area fee.

"[B]ecause an unlawful detention action if a summary remedy, the unlawful detention statute must be complied with strictly." *Archbisho p v. G.F.G. Corporation*, 1997 Guam 12 ¶ 10. The notice is defective in that it does not state the rent due; the complaint also fails to state the amount of the rent in default.

IT IS ORDERED that the motion is granted and the Complaint dismissed without prejudice.

SO ORDERED this 16th day of November, 2012

RICHARD H. BENSON
Judge, pro tempore

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

NOV 1 6 2012

Joseph L. Bamba
Deputy Clerk, Superior Court of Guam

2